### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

Civil Action No.:

ELIZABETH FEDER,

    Plaintiff,

v.

CAVALRY PORTFOLIO SERVICES, LLC, a Delaware limited liability company,

    Defendant.

## COMPLAINT AND JURY DEMAND

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

## VENUE

3. Venue is proper in this Judicial District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides in this Judicial District.

6. The Defendant transacts business in this Judicial District.

## PARTIES

7. Plaintiff Elizabeth Feder is a natural person.

8. The Plaintiff resides in the City of Aurora, County of Arapahoe, State of Colorado.

9. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.

11. Defendant Cavalry Portfolio Services, LLC is a Delaware limited liability company operating from an address at 500 Summit Lake Drive, Suite 400, Valhalla, New York, 10595.

12. The Defendant's registered agent in the state of Colorado is The Corporation Company, 1675 Broadway, Suite 1200, Denver, Colorado, 80202.

13. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. The Defendant is licensed as a collection agency by the state of Colorado.

15. The principal purpose of the Defendant is the collection of debts using the mails and telephone.

16. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## FACTUAL ALLEGATIONS

18. Sometime before 2010 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family and household purposes namely an amount due and owing on a personal account owed to CitiBank (hereinafter the "Account").

19. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20. The Account went into default with CitiBank.

21. After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection.

22. The Defendant is in the business of purchasing delinquent consumer accounts, typically paying no more than ten cents on the dollar.

23. The Defendant then collects the accounts or hires other entities to collect the accounts.

24. The Defendant claims to have purchased the Account.

25. On information and belief the Defendant paid less than ten cents on the dollar for the Account.

26. The Account was placed or otherwise transferred to the Defendant for collection.

27. The Plaintiff disputes the Account.

28. The Plaintiff requests that the Defendant cease all further communication on the Account.

29. The Defendant's collector(s) were employee(s) of the Defendant at all times mentioned herein.

30. The Defendant acted at all times mentioned herein through its employee(s).

31. The Defendant reported the Account to Experian, a credit reporting agency, in August 2011.

32. In September 2011 the Plaintiff reviewed a copy of her Experian credit report and saw the Defendant's entry on her Experian credit report.

33. On September 13, 2011 the Plaintiff called the Defendant to dispute the Account with the Defendant.

34. On September 13, 2011 the Plaintiff had a telephone conversation with the Defendant.

35. On September 13, 2011 the Plaintiff and the Defendant had a telephone conversation regarding the Account.

36. During the telephone call / conversation on September 13, 2011 between the Plaintiff and the Defendant, the Plaintiff disputed the Account.

37. During the telephone call / conversation on September 13, 2011 between the Plaintiff and the Defendant's employee the Plaintiff stated that she was calling because the Defendant had her Citibank account.

38. During the telephone call / conversation on September 13, 2011 between the Defendant's employee and the Plaintiff the Defendant's employee stated that the Defendant's account number for the Account is: 12455359.

39. During the telephone call / conversation on September 13, 2011 between the Plaintiff and the Defendant's employee the Plaintiff disputed the Account.

40. During the telephone call / conversation on September 13, 2011 between the Plaintiff and the Defendant's employee the Plaintiff stated: I'm disputing this account.

41. During the telephone call / conversation on September 13, 2011 between the Plaintiff and the Defendant's employee the Plaintiff stated: I'm disputing the Citibank account with your company.

42. During the telephone call / conversation on September 13, 2011 between the Plaintiff and the Defendant's employee the Plaintiff stated: Its disputed.

43. The Plaintiff disputed the Account with the Defendant in September 2011.

44. The Defendant was aware that the Account was disputed in September 2011.

45. Prior to October 2011 the Plaintiff disputed the Account with the Defendant.

46. Prior to October 2011 the Defendant was aware that the Account was disputed.

47. Prior to October 2011 the Defendant was informed that the Account was disputed.

48. Prior to October 2011 the Defendant was aware that in September 2011 the Plaintiff disputed the Account.

49. Prior to October 2011 the Defendant was aware that during a telephone call between the Plaintiff and the Defendant on September 13, 2011 the Plaintiff stated: I'm disputing the Citibank account with your company.

50. In October 2011 the Defendant communicated information regarding the Account to Experian, a credit reporting agency.

51. In October 2011 the Defendant communicated to Experian that the balance on the Account was: $17,873.

52. In October 2011 the Defendant communicated to Experian that the Original Creditor on the Account was: CITIBANK.

53. In October 2011 the Defendant failed to communicate to Experian that the Account was disputed.

54. In October 2011 the Defendant did not communicate to Experian that the Account was disputed.

55. Prior to October 2011 the Defendant did not communicate to Experian that the Account was disputed.

56. As of November 14, 2011 the Defendant did not communicate to Experian that the Account was disputed.

57. The Defendant's purpose for communicating the information on the Account to Experian was to attempt to collect the Account.

58. The information communicated to Experian by the Defendant in October 2011 on the Account conveyed information regarding the Account directly or indirectly to Experian.

6

59. The information communicated to Experian by the Defendant in October 2011 on the Account constituted a "communication" as defined by FDCPA § 1692a(2).

60. The only reason that the Defendant communicated the information regarding the Account in October 2011 to Experian was to attempt to collect the Account.

61. Upon information and belief in 2011 the Defendant regularly reported information on account(s) that it was attempting to collect to Experian.

62. Upon information and belief in 2011 the Defendant regularly reported information on account(s) that it was attempting to collect from individuals residing in the state of Colorado to Experian.

63. Upon information and belief in 2011 the Defendant reported information to Experian on account(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

64. Upon information and belief in 2011 the Defendant regularly reported information on account(s) that it was attempting to collect to Transunion.

65. Upon information and belief in 2011 the Defendant regularly reported information on account(s) that it was attempting to collect from individuals residing in the state of Colorado to Transunion.

66. Upon information and belief in 2011 the Defendant reported information to Transunion on account(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

67. Upon information and belief in 2011 the Defendant regularly reported information on account(s) that it was attempting to collect to Equifax.

68. Upon information and belief in 2011 the Defendant regularly reported information on account(s) that it was attempting to collect from individuals residing in the state of Colorado to Equifax.

69. Upon information and belief in 2011 the Defendant reported information to Equifax on account(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

70. The telephone call / conversation on September 13, 2011 between the Plaintiff and the Defendant via its employee conveyed information regarding the Account directly or indirectly to the Plaintiff.

71. The telephone call / conversation on September 13, 2011 between the Plaintiff and the Defendant via its employee constituted a "communication" as defined by FDCPA § 1692a(2).

72. On information and belief the Defendant made an audio recording and/or audio recording(s) of its telephone call / conversation with the Plaintiff on or about September 13, 2011.

73. On information and belief the Defendant has a copy and/or copies of the audio recording(s) of its telephone call / conversation with the Plaintiff on or about September 13, 2011.

74. On information and belief the Defendant made audio recording(s) of some of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

75. On information and belief the Defendant has a copy or copies of some of the audio recording(s) of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

76. On information and belief the Defendant made audio recording(s) of all of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

77. On information and belief the Defendant has a copy or copies of the audio recording(s) of all of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

78. On information and belief the Defendant's copies of the audio recording(s) of its telephone call(s) with the Plaintiff in the year prior to the filing of the instant action substantiate the Plaintiff's allegations in this action.

79. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it communicated to Experian on the Account.

80. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it communicated to Experian on the Account in October 2011.

81. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it communicated to Experian on the Account prior to October 2011.

82. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it communicated to Experian on the Account after October 2011.

83. The Defendant's action(s) constitute false and misleading representation(s) and mean(s) and violate FDCPA 1692e preface, e(2)(A), e(8) and e(10).

84. The Defendant's action(s) constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

85. Credit reporting constitutes an attempt to collect a debt. See, e.g., <u>Rivera v. Bank One</u>, 145 F.R.D. 614, 623 (D.P.R. 1993)(a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed, in part, to wrench compliance with payment terms from its cardholder"); <u>Matter of Sommersdorf</u>, 139 B.R. 700, 701 (Bankr.S.D. Ohio 1991); <u>Ditty v. CheckRite, Ltd.</u>, 973 F.Supp. 1320, 1331 (D.Utah 1997).

86. The FDCPA is a "strict liability statute," and Plaintiff need only "show one violation of its provisions to be entitled to judgment in her favor." <u>Ellis v. Cohen & Slamowitz, LLP</u>, 701 F.Supp. 2d 215, 219 (N.D.N.Y. 2011). Also see <u>Doshay v. Global Credit and Collection Corporation</u>, ---F.Supp. ---, 2011 WL 2669164, page 4 (D.Colo. July 7, 2011) for the same holding.

87. As a consequence of the Defendant's action(s), the Plaintiff seeks damages pursuant to FDCPA § 1692k.

### **COUNT I, FDCPA VIOLATION**

88. The previous paragraphs are incorporated into this Count as if set forth in full.

89. The act(s) and omission(s) of the Defendant constitute a violation of the FDCPA § 1692e preface, e(2)(A), e(8), e(10) and § 1692f preface.

90. Pursuant to FDCPA § 1692k the Plaintiff seeks damages, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. amend. 7., Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Damages pursuant to 15 U.S.C. § 1692k(a).

3. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

_s/ David M. Larson_____
David M. Larson, Esq.
405 S. Cascade Avenue, Suite 305
Colorado Springs, CO 80903
(719) 473-0006
Attorney for the Plaintiff